## BERNHEIM v. PORTER.

### No. 7650; July 27, 1884.

#### 4 Pac. 446.

**Partnership—Absence of Partner from State—Power of Copartner.**—The fact that one member of a partnership leaves the state to reside out of it does not operate to dissolve the partnership carried on within the state, and, in such absence of his copartner, the remaining one may make an assignment of any part of the partnership property to a creditor, and such assignment will have precedence over a subsequent sale by the absent partner.

APPEAL from the Superior Court of Santa Cruz County.

F. Adams and J. M. Lesser for appellant; Andrew Craig for respondent.

McKEE, J.—This was an action to recover damages for the taking and detention of some personal property, which consisted of an engine and boiler and the machinery of a sawmill. The plaintiff's claim of title to the property was founded upon a bill of sale made to them by one J. J. Blackburn on the 30th of January, 1878. But at that time Blackburn had no possession of the property to deliver and no title to it to transfer; for the property was then in the possession of the defendant, to whom it had been delivered, under and in connection with a bill of sale of it, which was given to the defendant on the 30th of November, 1877, by one Derastus Lear. Lear, the defendant's vendor, had originally purchased from the defendant the engine and boiler for

the purpose of using them in driving a shingle-mill on a tract of land in Santa Cruz county which belonged to him. That purchase was made in August, 1876. Being unable to pay all the purchase money, Lear secured the defendant for the payment of the balance due upon the purchase by his two promissory notes, secured by mortgage upon the tract of land and the engine and boiler "erected or attached to and embedded in the land, together with all and singular the machinery attached to and connected with said engine and boiler." That mortgage was dated and recorded August 7, 1876. Four months afterward, Lear, by deed, conveyed the land subject to the mortgage to J. J. Blackburn. When Lear purchased the engine and boiler he and Blackburn were partners, under the firm name of Lear & Co., in the shingle and lumber business and in running the sawmill on the tract of land. The engine, boiler and machinery were used by the copartnership in the business, and the court found they were partnership property. After running the business for a time, Blackburn abandoned the control and management of it to Lear, and, without obtaining a dissolution of the partnership or a settlement of its affairs, went to reside in Washington territory. In his absence, Lear, being unable to pay the purchase money mortgage, sold the property to the defendant, and gave him a bill of sale for the same, in the name of the firm, on the 30th of November, 1877, in satisfaction of the notes and mortgage. This sale by Lear transferred the title to the property to the defendant. For, in the voluntary absence of his copartner from the state, Lear had authority to make an assignment of any portion of the copartnership property to a creditor: Civ. Code, sec. 2430; Kemp v. Carnley, 3 Duer (N. Y.), 1; Arnold v. Brown, 24 Pick. (Mass.) 89, 35 Am. Dec. 296.

The absence of Blackburn in Washington territory, where the plaintiffs obtained from him the bill of sale of the 30th of January, 1878, did not operate as a dissolution of the partnership; the partnership still existed; and if Blackburn's individual bill of sale transferred to the plaintiffs any interest in the property, the transfer did not carry with it a right to maintain an action in the nature of trespass or trover against the defendant, who had obtained possession of the property as a bona fide purchaser from the firm. Being still the co-

partner of Lear, the remedy of Blackburn or of the plaintiffs, as his assignees or vendees, lay in an action for the dissolution of the partnership and a settlement of the partnership affairs, so as to ascertain the interest of each in the concern.

The evidence sustains the findings and the findings support the judgment.

Judgment and order affirmed.

I concur: Ross, J.

I concur in the judgment: McKinstry, J.